**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KASHIF A. RASHEED,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-13-0191-I-1 |
| v. | |
| DEPARTMENT OF<br>　　TRANSPORTATION,<br>　　　　　Agency. | DATE: August 4, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kashif A. Rasheed, Compton, California, pro se.

Lierre M. Green, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which upheld his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency employed the appellant as a Drug and Alcohol Compliance and Enforcement Inspector. Initial Appeal File (IAF), Tab 7, Subtab 4b. From July 25-28, 2011, the appellant took leave. IAF, Tab 4, Subtab 4m at 2. Due to the appellant's conduct in connection with this leave and the subsequent investigation, the agency proposed his removal. IAF, Tab 4, Subtab 4g. The charges included (1) making false or misleading statements in connection with any inquiry, investigation, etc., for oneself or another; (2) misrepresenting information on time and attendance records for oneself; and (3) absence without leave. *Id*. at 1-6.

¶3    For the first charge, the agency alleged that the appellant made false or misleading statements during his interview with the agency when he claimed to have been instructed to appear for jury service and claimed that he appeared for that jury service. *Id*. at 1-4. For the second charge, the agency alleged that the appellant misrepresented information on his time and attendance records by claiming court leave when he was not actually serving or required to serve jury duty. *Id*. at 4-5. For the third charge, the agency alleged that the appellant's leave was denied, resulting in his being absent without leave for the days and

times that he claimed court leave. *Id*. at 5-6. The appellant responded to the charges, IAF, Tab 4, Subtab 4f, but the agency sustained the removal, effective March 21, 2012, IAF, Tab 4, Subtab 4d at 1-4, Tab 7, Subtab 4b.

¶4    The appellant appealed to the Board, IAF, Tab 1, and the administrative judge affirmed the removal, IAF, Tab 25, Initial Decision (ID). The appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has submitted a response, PFR File, Tab 8, and the appellant has replied, PFR File, Tabs 9-10.

¶5    In his petition for review, the appellant presents several arguments, which we construe liberally. *See Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989) (a pro se appellant's pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table). He asserts that the agency did not provide preponderant evidence to support its charges, PFR File, Tab 1 at 5, and that the agency failed to establish a nexus between the charged misconduct and the efficiency of the service, *id*. at 5-7. The appellant also claims that the agency did not properly consider several mitigating factors and that the penalty of removal was beyond the tolerable limits of reasonableness. *Id*. at 5-6, 20-24. He reasserts two affirmative defenses, alleging that he was subject to a disparate penalty based upon race, *id*. at 4, and that the agency's removal was reprisal for equal employment opportunity (EEO) activity, *id*. at 8, 10. Finally, he alleges that the administrative judge abused his discretion or otherwise exhibited bias. *Id*. at 9-10.

[2] Because the appellant initially filed his petition for review with the Board's Western Regional Office on an initial appeal form, rather than with the Clerk of the Board, as required, his August 19, 2013 petition was not recognized until May 14, 2014. *See* PFR File, Tab 1 at 1-3, Tab 7 at 1; *see also* 5 C.F.R. § 1201.114(d) (indicating that petitions for review are to be filed with the clerk of the Board). The Clerk of the Board served the agency with the filing, providing until June 9, 2014, to respond. PFR File, Tab 7 at 1. Although the agency timely responded, PFR File, Tab 8, the appellant alleges that the agency was given an unfair advantage, PFR File, Tab 9 at 5. However, we find no such advantage. The agency was provided an appropriate deadline for responding under the circumstances.

<u>The administrative judge applied the correct burden of proof and made appropriate credibility determinations.</u>

¶6  The administrative judge sustained each of the agency's three charges. ID at 5-9. On review, the appellant asserts that the agency and administrative judge distorted the facts and "only made attempts at inferences and implications," rather than proving the charges on the merits. PFR File, Tab 1 at 5. He also disputed the administrative judge's credibility determinations and called the charges "arbitrary [and] unsubstantiated allegations." *Id*. at 7.

¶7  Generally, in an adverse action appeal, the agency must prove its charge by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

¶8  Here, the agency presented significant evidence. *See* ID at 2-9. Most notably, the agency supplied a letter from the Director of the Jury Services Division for the Los Angeles County Superior Court, and testimony of a Los Angeles County Superior Court Senior Court Services Supervisor. IAF, Tab 4, Subtab 4k at 7-9; Hearing CD (Testimony of Maisha Elis). Both indicated that the appellant was not instructed to report for jury duty during the week he claimed 4 days of court leave. IAF, Tab 4, Subtab 4k at 8; Hearing CD (Testimony of Elis). The Director's letter detailed the timeline of events, including the appellant's calls, each night during the week in question, to the court's automated system which instructed him not to report for jury duty the following day but instead to call again the next night. IAF, Tab 4, Subtab 4k at 7-8.

¶9  When he responded to the agency's inquiry about his conduct, the appellant provided a different account of the events. In a sworn statement, the appellant alleged that the court's automated system directed him to appear for jury duty on each of the 4 days he was absent from work and took court leave. *Id*. at 15-16.

He alleged that he spent all or part of each of those 4 days at the courthouse. *Id*. However, after the appellant's sworn statement, the agency sought and received a follow-up letter from the court's Jury Services Director. IAF, Tab 4, Subtab 4h at 2-4. According to the Director, the court's records indicated that the appellant had not been at the courthouse, because his name did not appear on any of the week's roll call lists, and his juror badge was never scanned. *Id*. at 3.

¶10    Testifying at his hearing, the appellant alleged that the court's records may have been altered by someone within the agency. *See* ID at 7; Hearing CD (Testimony of the appellant).

¶11    On review, the appellant alleges that the administrative judge erred in crediting the agency's witnesses' testimony and discrediting the testimony of his witnesses. PFR File, Tab 1 at 10, 17-20. Specifically, he asserts that his supervisor and the manager of the Drug Abatement Division provided incredible or even perjured testimony in describing their own conduct and prior discipline the agency has imposed. *Id*. According to the appellant, his witnesses, PW, AM, and KG, provided the more truthful and relevant testimony, discrediting the agency's witnesses while also demonstrating a pattern of discrimination. *Id*. at 17-20.

¶12    In his decision, the administrative judge properly identified the factual questions in dispute, summarized the evidence, stated which version he believed, and explained why he found the chosen version of events more credible than the other. ID at 2-8; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (listing those factors to be considered by an administrative judge in resolving credibility issues). The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Although the appellant disagrees with the administrative judge's

conclusions in favor of the agency, his petition has provided no reason for the Board to overturn the judge's credibility determinations and substitute its own, nor has he otherwise shown that the judge erred in finding the agency's charges supported by preponderant evidence.

The agency established a nexus between the appellant's discipline and the efficiency of the service.

¶13      The administrative judge found that there was a clear nexus between the agency's discipline for the charged conduct and the efficiency of the service. ID at 15; *see* 5 U.S.C. § 7513(a). The appellant disputes this, alleging that, even if the agency proved its charges, it failed to establish a nexus. PFR File, Tab 1 at 5-7.

¶14      As previously discussed, the charges included (1) making false or misleading statements in connection with any inquiry, investigation, etc., for oneself or another; (2) misrepresenting information on time and attendance records for oneself; and (3) absence without leave. IAF, Tab 4, Subtab 4g at 1-6. Although the appellant's petition describes the conduct at issue as off-duty misconduct, PFR File, Tab 1 at 6, the charges clearly reflect otherwise. In addition, while the appellant asks the Board to address the issue of nexus, his petition does not provide a substantive basis for such review. *See* PFR File, Tab 1 at 5-7, Tab 9 at 15. He has failed to present any argument that the charged misconduct does not disrupt the efficiency of the service. *Id*.

¶15      Mere disagreement with the administrative judge's findings does not warrant full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). Moreover, the Board has previously found that falsification is inherently destructive of the agency's faith in an employee's trustworthiness and honesty, essential elements in the relationship of an employer and employee, *Connett v. Department of Navy*, 31 M.S.P.R. 322, 328 (1986), *aff'd*, 824 F.2d 978 (Fed. Cir. 1987), and that unauthorized absence is a proper ground for removal since by its very nature it disrupts the efficiency of the

service, *Roberson v. Veterans Administration*, 27 M.S.P.R. 489, 493-94 (1985). Accordingly, we find no error in the administrative judge's conclusion that the agency proved nexus.

The agency established that removal was within the tolerable bounds of reasonableness.

¶16    The appellant's petition argues that mitigating factors outweigh the seriousness of his alleged misconduct.[3] PFR File, Tab 1 at 20-24. He asserts that he had no prior misconduct; this was an isolated incident; he is not a manager; he is extremely dependable; and he was under distress due to a hostile work environment. *Id*. at 21-24. The appellant also alleges that the charged conduct did not affect the agency's operation and mission because, according to the testimony of his supervisor, the agency avoided any negative impact by simply replacing him. *Id*. at 20. Finally, he alleges that the agency failed to consider alternative sanctions. *Id*. at 24.

¶17    In *Douglas v. Veterans Administration*, the Board recognized a number of relevant factors in determining that a penalty is within the tolerable bounds of reasonableness. 5 M.S.P.R. 280, 305-07 (1981). The evidence demonstrated that the agency weighed relevant factors before finding that the mitigating factors[4] did not outweigh the seriousness of his misconduct and the resulting loss of trust.

---

[3] The appellant's petition also alleges that the agency erred by not providing him with this *Douglas* factor analysis. PFR File, Tab 1 at 5. However, to the contrary, the agency's consideration of *Douglas* factors is contained within its proposal and decision letters. IAF, Tab 4, Subtab 4d at 3-4, Subtab 4g at 6-7.

[4] The appellant's petition indicates that he did not gain anything from the misconduct and that he apologized for the error. PFR File, Tab 1 at 21-22. However, an individual clearly gains by taking court leave if he is not actually entitled to court leave. In addition, while the appellant acknowledged some mistakes with inputting time and attendance, he continually disputed the allegations that he was not entitled to court leave and that he provided false information about it. *See* IAF, Tab 4, Subtab 4f, Subtab 4d at 1-3. Even on petition for review, the appellant characterizes his apology as for his "unintentional error." PFR File, Tab 1 at 22. Therefore, we do not agree with the appellant that these were additional mitigating factors that the agency should have considered.

IAF, Tab 4, Subtab 4d at 3-4, Subtab 4g at 6-7.  The agency acknowledged that the appellant had 11 years of service with no history of discipline, and that he had met performance expectations.  IAF, Tab 4, Subtab 4d at 3.  Nevertheless, removal was consistent with its table of penalties, and the agency reasoned that behavior of employees in the appellant's position must be beyond reproach, as they may be required to serve as a witness in litigation.  IAF, Tab 4, Subtab 4d at 3-4, Subtab 4g at 6-7; *see* IAF, Tab 4, Subtab 4s at 4-5 (relevant pages from the agency's table of penalties).

¶18    The administrative judge concluded that the agency's deciding official adequately addressed all the relevant factors and exercised his management discretion within tolerable limits of reasonableness in selecting the penalty of removal.  ID at 15-16; *see Douglas*, 5 M.S.P.R. at 306 (the Board's review of an agency-imposed penalty is essentially to ensure that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness).  Although the appellant asserts that a lesser penalty would have been reasonable, we find no reason to disturb the administrative judge's conclusion that removal was within the tolerable limits of reasonableness.

The appellant failed to prove his affirmative defense of race discrimination.

¶19    The administrative judge found that the appellant failed to prove any of his affirmative defenses, including his allegation of race discrimination.  ID at 10-14.  On review, the appellant again asserts that his penalty was more severe than the penalties of others.  PFR File, Tab 1 at 4, 6-7.  He alleges that at least four other employees of another race were similarly situated but received lesser penalties.  *Id*. at 12-16.

¶20    For employees to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, all relevant aspects of the appellant's employment situation must be "nearly identical" to those of the comparator employees.  *Hooper v. Department of*

*Interior*, [120 M.S.P.R. 658](#), ¶ 6 (2014).  Therefore, comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances.  *Id*.

¶21    In his decision, the administrative judge found that only one of the alleged comparators was disciplined by the same deciding official.  ID at 13.  He also found that, while the appellant's comparative examples involved false or inaccurate time and attendance records, they did not include multiple charges nor did they pertain to making false statements under oath in an official investigation.  ID at 13.  Therefore, the administrative judge reasoned that the appellant's comparative examples were not meaningfully similar.  ID at 13-14.  Although the appellant repeats his claims of disparate treatment on review, citing to the same four comparative examples, PFR File, Tab 1 at 12-16, he has failed to demonstrate any error in the administrative judge's conclusion that they were not meaningfully similar.

<u>The appellant failed to prove his affirmative defense of reprisal for a protected activity.</u>

¶22    The administrative judge found that the appellant failed to meet this burden of proving the affirmative defense of retaliation for a protected activity.  ID at 14-15.  On review, the appellant reiterates his allegations that the removal action was taken in reprisal for prior EEO activity.  PFR File, Tab 1 at 8, 10.

¶23    To prove retaliation based on prior EEO activity, an appellant must show that: (1) he engaged in a protected activity; (2) the accused official knew of the protected activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action.  *Oulianova v. Pension Benefit Guaranty Corporation*, [120 M.S.P.R. 22](#), ¶ 14 (2013).  To establish a genuine nexus between the protected activity and the adverse employment action, the appellant

must prove that the employment action was taken because of the protected activity. *Id.*

¶24     In concluding that the appellant failed to meet his burden, the administrative judge found that the appellant had not shown that the deciding official had any knowledge of the prior EEO activity. ID at 14-15. The appellant repeats the assertion that his removal action was taken in reprisal for prior EEO activity on review, but he has provided no substantive argument on the point. PFR File, Tab 1 at 8, 10. The appellant simply alleges that the administrative judge erred in finding that he failed to establish EEO reprisal. *Id.* at 10. However, this disagreement does not warrant full review of the record by the Board. *See Weaver*, 2 M.S.P.R. at 133-34 (when an alleged factual error relates to a credibility determination, the petition for review must contain some specific citation of evidence or reasons warranting review). We find the administrative judge's finding regarding the appellant's reprisal claim to be well-reasoned, and decline to disturb that finding on review.

The administrative judge did not abuse his discretion by limiting the hearing, denying some of the appellant's requested witnesses, or limiting discovery, and the appellant failed to demonstrate judicial bias.

¶25     According to the appellant, the administrative judge cited a limited schedule and busy calendar during a prehearing conference as he questioned how long the proceedings would last. PFR File, Tab 1 at 9. The appellant also alleges that the administrative judge denied his request to call several witnesses regarding comparable discipline. *Id.* at 9-10. Next, the appellant alleges that he was denied access to internal security reports of investigations for other employees. *Id.* at 9. Finally, the appellant alleges that the administrative judge exhibited bias. *Id.* at 26.

¶26     While the appellant alleges that the judge questioned how long the hearing would last, he did not allege that the amount of time provided for the hearing was actually limited. *Id.* at 9. In addition, he presented no argument that his

substantive rights were prejudiced, even if the judge did limit his hearing in some way. Moreover, the Board's regulations provide an administrative judge with wide discretion to control a hearing. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985); 5 C.F.R. § 1201.41(b). This includes the authority to regulate the course of the hearing. 5 C.F.R. § 1201.41(b)(6).

¶27    An administrative judge also is provided with the authority to exclude witnesses an appellant has not shown would offer relevant, material, and nonrepetitious evidence. *Franco*, 27 M.S.P.R. at 325; 5 C.F.R. § 1201.41(b)(8), (10). Where an appellant presents a vague assertion on review that the administrative judge erred in disallowing witnesses, without showing that the testimony would have been relevant, material, or not repetitious, he has not shown that the administrative judge abused his discretion. *Vaughn v. Department of Treasury*, 119 M.S.P.R. 605, ¶ 13 (2013). In addition, an appellant's failure to timely object to rulings on witnesses precludes him from doing so on petition for review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Finally, an administrative judge also has broad discretion in ruling on discovery matters, and, absent a showing of abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn*, 119 M.S.P.R. 605, ¶ 15; 5 C.F.R. § 1201.41(b)(4).

¶28    As the Board understands his petition, the appellant asserts that the rejected witnesses and records would have aided in establishing his affirmative defense of discrimination. However, the appellant did not object below, and, on review, he has failed to specify how the testimony or evidence was relevant, material and nonrepetitious. Regarding the alleged denial of internal security reports relating to other employees, the appellant failed to show any relevance in light of the administrative judge's conclusion that the comparator employees were not similarly situated. Therefore, we find no abuse of discretion. We also find that the appellant's broad, general allegations of bias are not sufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386, 389 (1980).

¶29     Based upon the above, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States

district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See*  42 U.S.C.  § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.